STATE of Maine

v.

Siegfried MEYER.

Supreme Judicial Court of Maine.

Argued Sept. 9, 1985.

Decided Sept. 19, 1985.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty., Martha F. Willard, Law Student Intern (orally), Portland, for plaintiff.

---

Kettle, Carter, Klein, Henegar & Levandoski, Edward W. Klein (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

The sole question in defendant Siegfried Meyer's appeal from his conviction in Superior Court (Cumberland County) on two counts of Class C gross sexual misconduct, 17–A M.R.S.A. § 253(2)(B) (1983), is whether from the evidence at trial the jury could rationally find beyond a reasonable doubt that he had compelled or induced the prosecutrix to engage in sexual intercourse by a threat. *See State v. Lovejoy*, 493 A.2d 1035, 1037–38 (Me.1985).

For Class C gross sexual misconduct, all that section 253(2)(B) requires is proof of "any threat" by the defendant that, viewed objectively, is reasonably sufficient to compel or induce another person, not his spouse, to submit to sexual intercourse and that did in fact compel or induce submission. In contrast, to establish Class A gross sexual misconduct the State must prove that the operative compulsion, in the absence of physical force, consisted of a threat that "produce[d] in that person a reasonable fear that death, serious bodily injury or kidnapping might be imminently inflicted upon that person or upon another human being." 17–A M.R.S.A. §§ 253(1)(A), 251(1)(E) (1983).

In the case at bar, the prosecutrix's testimony amply justified a jury finding that an implied threat of at least the severity that satisfies section 253(2)(B) had induced her submission to sexual intercourse. None of her actions at and about the same time required the jury to reject her testimony as inherently incredible.

The entry is:

Judgment affirmed.

All concurring.